The Vice-Chancellor.
The circumstance that the bill seeks performance of a contract relating to personal property, is not of itself a valid ground of demurrer. There are many instances in which equity compels a specific performance of such contracts.
The real, serious objection to the bill, is that the complainant has an adequate remedy at law.
I think, however, that it is now the established doctrine, that the insured may, in such a case, resort to a court of equity.
In Perkins v. The Washington Insurance Company, 4 Cowen, 645, our highest court maintained a suit like this in all *410 respects. The defendant there was a corporate body, which answers under its seal and makes no discovery.
It is true that the report of the case does not show any discussion of. the question of jurisdiction in the court below, or that the point was presented. But the severe litigation of the cause, the eminent counsel engaged in it, and the opinion of Senator Golden, furnish strong evidence that the law was deemed to be too well settled, to warrant any debate in regard to it.
That learned judge says, in his opinion, (p. 661,) that the receipt for the premium “ answers all the use of a policy, except that the latter authorizes the assured, in case of loss, to sue in a court of law, instead of being obliged to resort, as in this caseg to a court of chancery.”
The case cited has ever since been regarded as decisive of the jurisdiction in equity. Thus, the now chief justice, in delivering the opinion of the supreme court, in Lightbody v. The North American Fire Insurance Company, (23 Wend. 18, 25,) speaking of a state of facts similar to those in this bill, says “if his remedy at law was questionable,” (and the judge thought he had such a remedy by an action on the case,) “ he had a perfect equitable right to the delivery of the usual policy, which he might have enforced in the proper forum;” citing Perkins v. The Washington Insurance Company.
Mr. Phillips, in his treatise on insurance, cites the same case, and observes that upon the general principles distinguishing the jurisdictions, it belongs to courts of equity, to compel a specific performance of an agreement to make or renew a policy of insurance. (2 Phill. on Ins. 582.)
So Mr. Duer in his recent valuable work on marine insurance, says the acceptance of an application, with the rate and . the time agreed upon in writing and signed, constitutes in equity a valid insurance, and in law a valid agreement to insure ,* and gives to the assured an immediate right to demand from the insurer a corresponding policy on the tender of the premium or the premium note ; and should a loss occur before the execution of the policy, a court of equity would relieve the assured. (1 Duer on Ins. 66; Chapt. 1, § 11.) He adds in note 7, (ibid. *411 111,) that Perkins v. The Washington Insurance Company, is a direct authority in support of the position in the text, that a court of equity upon a bill for the specific execution of an agreement to insure, may decree a satisfaction.
In Mead v. Davison, 3 Adolph, and Ellis, 303, Lord Denman, speaking of a similar case, said that equity would have compelled the insurer to execute the formal policy, whenever tendered to him.
With these authorities, and I may add, the very general understanding of the profession for a long period that such is the law, I have no doubt as to the jurisdiction in this case. It surely can make no difference in respect of the jurisdiction, that the loss insured against has occurred. The only ground upon which it can be maintained, is for a specific performance by the execution and delivery of a policy. The further relief by decreeing payment, where there has been a loss, is merely incidental, and to avoid expense. Now take the instance of an agreement to insure, where there has been no loss. The right of the assured to receive a policy is perfect and may be enforced immediately, the premium having been paid. An action at law in such a case would be worse than useless to him, for he could recover no more than nominal damages. The value of a policy, previous to a loss, would not be sufficient to carry the costs of a suit at law.
In this respect it is wholly unlike the contract to deliver bills or notes payable at a future day, on a sale of goods. There, on a failure to deliver the bills or notes, an action lies upon the special agreement, in which the damages may be at once ascertained, and full justice done, by giving the price of the goods sold. Here, after a barren recovery at law for the non-delivery of the policy ; if a loss occurred, another suit must be brought for the real damages ; and in the second suit, the assured would probably encounter .a plea setting up the first recovery as a bar to a further prosecution.
It is obvious that a suit at law, before a loss, is an inadequate, if not a fatal mode of redress. And as I have remarked, the principle of the jurisdiction in equity, is the same whether a loss has occurred or not. It therefore cannot be taken away or *412 impaired, if perchance the remedy at law, when first invoked after a loss, may lead to the same results.
The demurrer must be overruled with costs, and the usual order entered.